## BAKER *vs.* HALEY & ALS.

Bonds for ease and favor being those only which are given to purchase an
indulgence not authorized by law; a bond given for the debtor's liberties,
under *Stat.* 1824, *ch* 281, is good, though it does not strictly conform to
the rules indicated in the statute.

Such bond may properly be taken to the office making the arrest.

DEBT on bond. The principal defendants, having been taken in
execution, applied to a magistrate to be admitted to the poor debt-
or's oath, pursuant to *Stat.* 1824, *ch.* 281; whereupon the plaintiff,

Baker *v.* Haley & al.

who was the officer serving the execution, proceeded to take this bond, conditioned for their appearance at the appointed day, &c. in the usual form. The bond was taken to the officer himself, in the sum of sixty eight dollars and twenty nine cents, which appeared to be more, by three dollars and sixty eight cents, than the amount of the debt and costs, the latter sum being inserted for the fees of the officer. The debtors lived within twenty miles of the prison and clerk's office. These facts appearing upon oyer of the condition, the defendants thereupon demurred in law.

*Fairfield,* for the defendants, said that the bond, being given to the officer to procure their release from imprisonment, was void at common law, being for ease and favor, unless it was protected by the provisions of the statute relating to the subject. But he contended that it did not conform to the statute, because it was taken to the officer instead of the creditor ; and because it was for a sum beyond the amount of the execution and the legal costs arising thereon.

1. It is true that the statute only requires that a bond shall be procured, to the satisfaction of the officer, without saying to whom it shall be given; but by the analogy of the law in other cases, it should be given to him for whose benefit it is made. *Lent v. Padelford* 10. *Mass.* 230. This is further evident from the circumstance that the statute gives no authority to the creditor to commence a suit on the bond in the name of the officer; a provision which is always inserted where the bond is taken in trust for others; as in the case of official bonds given by executors, administrators, guardians, trustees, sheriffs and constables.

2. By referring to the place of residence of the debtors, the court will take notice that it is within twenty miles of the place of return ; which was the distance actually computed by the officer. And calculating his fees by this distance, it is evident that he claimed thirty cents more than his legal fees ; probably for service of the execution ; which, though a very common charge, is not authorized by law. Our fee-bill, in this respect, is precisely what it was in Massachusetts, at the time of the decision of *Commonwealth v. Shed* 1. *Mass.* 227. See *Boswell v. Dingley* 4. *Mass.* 411. *Shattuck v. Wood* 1. *Pick.*

Baker *v.* Haley & al.

171. The bond, therefore, not conforming to the directions of the statute which requires the addition of only the "legal costs," the officer is not excusable for liberating the prisoners, and the bond is void. *Winthrop v. Dockendorff* 3. *Greenl.* 156.

*J. Shepley,* for the plaintiff. Bonds given for ease and favor are not void, unless given to obtain an indulgence not authorized by law, or for a breach of the officer's duty. Hence in *Morse v. Hodsdon* 5. *Mass.* 317, a replevin bond was held good at common law, though not taken in exact conformity to the statute, and being more favorable to the obligee than the statute prescribes. So in *Clap v. Cofran* 7. *Mass.* 101, which was the case of a gaol-bond given for less than double the amount of the debt and costs. And in the present case, the bond was not given for an unlawful indulgence, but for an enlargement which the officer was bound to grant; and the condition is in the very words of the statute. If it would have been more regular to have taken it to the creditor, yet upon legal principles it is still a good bond at common law. *Burroughs v. Lowder & al.* 8. *Mass.* 380. 381. *Smith v. Stockbridge & al.* 9. *Mass.* 223.

But it was properly taken to the officer. The instances in which bonds are taken to persons not directly interested, as in Probate bonds, and the like, are all provided for by special regulations in the statutes. In the present case the statute is silent; but it provides that if the debtor is not admitted to his oath, he shall be arrested again, and the same proceedings had as if he had never been enlarged on bond. Now, as it is made the officer's duty to enlarge him on his giving bond, if this bond is to be given up to the creditor, the officer will be destitute of any protection.

As to the alleged excess of fees; the law does not presume it; and without such presumption, the case discloses nothing from which that fact necessarily results. But if it were so, it would not affect the validity of the bond, as an obligation at common law.

Baker *v.* Haley & al.

Weston J. delivered the opinion of the Court at the next term in *Cumberland.*

Several objections have been made by the counsel for the defendants, to the bond and to the condition, set forth on oyer.

First, that it is a bond given for ease and favor. To this it has been well replied that bonds for ease and favor are given to purchase an indulgence not authorized by law; and that the indulgence granted in this case is thus authorized.

Secondly, that the bond is taken to the officer, when it should have been taken to the creditor. The statute is silent upon this point; but it is contended that, as it is for the use and benefit of the creditor, it should have been given directly to him; more especially as there is no provision in the law giving him the control of the bond, if it be taken in the name of the officer. If unable to find property sufficient to satisfy the execution, the officer is commanded to take the body of the debtor, and commit him to prison. Thus the creditor is enabled to coerce payment, by taking the body in pledge. But if it appear that this would be a fruitless remedy; and that the party arrested would be entitled to be discharged from prison, in virtue of the statute made for the relief of poor debtors; by the humane policy of the law, the officer is not permitted to commit him there. *Stat.* 1824, *ch.* 281. The precept in the execution is by that statute qualified, and its operation postponed, until it can be ascertained, in the mode prescribed, whether the party is entitled to be relieved, upon taking the poor debtors' oath. But the officer's duties in relation to the execution, are not thus closed. If it be ascertained that the debtor is not entitled to the oath, he is to surrender himself to the gaoler, or to the officer by whom the arrest was made, to be committed in the same manner as if these proceedings had not been interposed. If he do surrender himself, the condition of the bond is complied with; and neither the officer nor the creditor has any further remedy thereon. But if he do not surrender himself, the officer, in virtue of the bond, has in his hands the means of causing the execution to be satisfied, which it is his official duty to enforce without delay. The final process of the law is put into his hands, that he may render it effectu-

Baker *v.* Haley & al.

al to the creditor; and the taking of the bond is one of the modes, by which he is enabled to discharge this duty. It is to be taken to his satisfaction. It is ultimately for the benefit of the creditor; but through the intervention and agency of the officer. There seems therefore a propriety in his taking the bond in his own name; and there is certainly nothing in the statute which forbids it. It is true the creditor has not the direct control of the bond, as he has of a bail bond, nor is it distinctly provided that it shall be prosecuted for his benefit, as probate bonds, and bonds given by sheriffs, coroners, and constables, for the faithful performance of their respective duties, may be, in behalf of those who have suffered by their default. But the creditor, having the official responsibility of the officer, is sufficiently secure. If he should unreasonably delay to enforce the bond, or to pay the money over on demand when collected, he would be answerable to the creditor for neglect of duty.

It is lastly urged that the bond is void, because taken for more than the amount of the debt and costs, and all legal costs arising on the execution. If this had been made to appear by averments to that effect, it would still remain a question whether the bond might not be good at common law. But it is not made to appear. We must presume that the officer has done his duty, until the contrary be shown. It is insisted that the officer is entitled only to poundage and travel. Admitting that this position is correct, and that he can claim nothing for the bond, if drawn or procured to be drawn by him, we can calculate the poundage; but there is nothing in the declaration, or in the bond or condition on oyer, by which the amount of the fee for travel may be ascertained. If the defendants would have presented this question, they should have pointed out the legal fees and the excess, if there be any, by proper averments.

*Declaration adjudged good.*